# LEE LITIGATION GROUP, PLLC

30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

April 13, 2018

**VIA ECF**
The Honorable James L. Cott, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Benavides, et al. v. Serenity Spa NY Inc., et al.*
      <u>Case No. 15-CV-9189(JLC)</u>

Dear Judge Cott:

  We are counsel to Plaintiffs and write jointly with counsel to Defendants. Pursuant to the Court's Order dated March 9, 2018, the parties provide this joint letter-motion (i) requesting the Court's approval of the settlement of the named plaintiffs' claims against defendant Serenity Spa NY Inc., (ii) requesting decertification of the class and dismissal of defendant Yu Qun Dai (the case against whom has been stayed due to her filing of Chapter 13 bankruptcy), and (iii) requesting entry of Judgment against Serenity Spa NY Inc., based on Serenity Spa NY Inc.'s Rule 68 Offer Judgment, accepted by plaintiffs on April 13, 2018, and dismissal of this action in its entirety with prejudice.

## **<u>DECERTIFICATION OF THE RULE 23 CLASS</u>**

  The parties respectfully request that the Class in this action be decertified. The court has the power to decertify the class. *See Buford v. H&R Block, Inc.*, 168 F.R.D. 340, 346 (S.D.Ga 1996) ("options such as decertification or revised certification are always available to the court").

  Defendants provided a total of 52 names of class members for the 3-year collective class. *See* **Exhibit A**, C.K. Lee Affidavit. However, addresses were only available for 16 individuals. After conducting a skip trace to obtain additional addresses, notices were mailed to 37 individuals. Of the notices sent to these 37 individuals, 3 were returned as undeliverable. Thus, only 34 individuals could have received notice. *Id.* Lee Litigation Group, PLLC has been unable to locate or obtain contact information of any other prospective class members. *Id.*

  The parties believe that proceeding as a class would impair the rights of a substantial number of individuals who will most certainly remain unaware of the class action. Courts evaluating the superiority of a class action over other methods of adjudication must consider "the class members' interests in individually controlling the prosecution or defense of separate


actions." F.R.C.P. 23(b)(3)(A). The inability of a large portion of the potential class to receive notice is a due process violation.

Even if the Court were willing to proceed with a purported class that excludes individuals whose contact information is unavailable, the Class then fails to reach the numerosity threshold established by the Second Circuit and thus fails to satisfy F.R.C.P. 23(a)(1). *See Consol. Rail Corp. v. Hyde Park*, 47 F.3d 473, 473 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members"). Courts in this District have denied class certification on grounds of lack of numerosity where the putative class was approximately the same size as in the instant action. See *Shayler v. Midtown Investigations, Ltd.*, 2013 U.S. Dist. LEXIS 29540, at *21 (S.D.N.Y. Feb. 27, 2013) ("It is therefore reasonable to assume that there are at least 26 individuals who held such a position during the approximately 6.6-year putative Rule 23 class period…Of course, even this lawyer created number is insufficient to create a presumption of numerosity."); *In re Shulman Transp. Enters., Inc.*, 33 B.R. 383, 386 (S.D.N.Y. 1983) ("The bankruptcy court determined that the class, which had between nine and forty potential members, was not so numerous that joinder of parties would be impractical… Forty potential members is not necessarily such a large total that joinder would be impractical. Certainly, I cannot find that the Bankruptcy Judge's holding to that effect is an abuse of discretion.")

In another wage and hour action, *Huang v. Hong Hop Co., Inc. et al.* (Case # 1:12-cv-06402-MHD, S.D.N.Y.), the court denied the parties' stipulated motion for class certification, *see* Dkt. # 48, where the class was comprised of 31 potential class members. *See* Dkt. No. 37, p. 7. The court observed that there was "the significant risk that there will be class members who don't get notice because their address have changed and whose rights will nonetheless be extinguished as a result of this being a class action." Dkt. No. 49, p. 3. The court also noted that "the class is pretty small so the benefits of doing this as a class action are I think marginal, given the size of the class in the first place." Dkt. No. 49, p. 1. The parties believe the same considerations apply for decertifying the Class in the instant action.

The power of a district court to revisit and, if necessary, reverse a class certification decision at any stage of the litigation is well-established. "An order that grants or denies class certification may be altered or amended before final judgment." F.C.R.P.23(c)(1)(C). And "because the results of class proceedings are binding on absent class members… the district court has the affirmative duty of monitoring its class decisions in light of the evidentiary development of the case." *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016) (citation and internal quotes omitted). A "district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982). The "district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983).

Courts have recognized that the inability to provide absent class members with effective notice is a legitimate basis for withholding class certification. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 628, 117 S. Ct. 2231, 2252 (1997) ("Impediments to the provision of adequate notice, the Third Circuit emphasized, rendered highly problematic any endeavor to tie to a settlement class persons with no perceptible asbestos-related disease at the time of the settlement."); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("We therefore have serious due process concerns about whether adequate notice under Rule 23(c)(2) can be given to all class members to enable them to make an intelligent choice as to whether to opt out."); *O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359, 384 n.33 (C.D. Cal. 1997) ("the Court is reluctant to certify the class under Rule 23(b)(3) because it has serious due process concerns about whether adequate notice can be given to class members no longer living or working in the Contamination Area to enable them to make an intelligent choice as to whether to opt out."(citation and internal quotes omitted).

In no way would decertifying the Class prejudice the interests of absent class members. As the Second Circuit observed in a decision affirming the decertification of a class after a jury verdict:

> As to the class, there is no violation. The right of absent class members to adjudication by jury is unimpaired. Their claims survive by virtue of *American Pipe* tolling. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1978). Under this rule, the filing of a putative class action tolls the statute of limitations with respect to all absent would-be class members until the time class certification is denied. *See American Pipe*, 414 U.S. at 554; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). Therefore, any putative member of the decertified class who wishes to do so may file an individual action seeking breach-of-contract damages on a similar claim (so long as the individual action is instituted during whatever amount of time remains in the limitations period)

*Mazzei*, 829 F.3d at 267.

*American Pipe* tolling would toll the claims of the absent Class members from the filing of this action until the decision to decertify the Class. Beyond this, the parties agree that the limitations period should shall be tolled from the date of the initial filing of the Complaint in this lawsuit to the date on which the case is dismissed on behalf of the individual named plaintiffs in this lawsuit. Thus, the interests of absent Class members would actually be protected beyond what the law requires, and they would suffer no prejudice whatsoever.

For all these reasons, the parties respectfully request that the Court decertify the Class.

## APPROVAL OF THE OFFER OF JUDGMENT

### I. *Serenity Spa NY, Inc. would be unable to withstand a greater judgment*

Defendant is unable to withstand a judgment in an amount greater than the $20,000 Rule 68 Offer of Judgment. Should this case proceed, Plaintiffs would still face the significant risk of being unable to enforce a judgment in the full amount that is owed. As the Court is aware, individual defendant Yu Qun Dai filed for Chapter 13 bankruptcy on December 13, 2017. Moreover, Lee Litigation Group has frequently brought wage and hour cases to trial where, even after obtaining judgments, no amounts have ever been collected. See *Chen et al v. WAI ? Cafe Inc. et al*, 10-cv-07254 (S.D.N.Y.); *Lin v. Tsuru of Bernards, LLC*, No. 10-cv-2400 (New Jersey); *Zhong v. New Fortune Travel & Transportation, Inc., et al.*, No. 10-cv-0806 (E.D.N.Y.); *Zhang, et al. v. Ging Restaurant, Inc.*, et al., No. 12-cv-7793 (S.D.N.Y.).

Courts often decertify due to a defendants' financial condition. See *Barnett v. Experian Information Solutions Inc.*, 236 F.R.D. 307 (E.D.Tex 2006) (decertifying the class due to defendants' "bleak financial condition" which possibly would not allow them to satisfy any judgment). Similarly, here, Defendants' inability to pay a greater settlement amount or judgment creates a risk of being unable to recover any amount whatsoever.

### II. *Class members are not prejudiced*

To avoid any conflict in dismissing Plaintiffs' claims after Rule 23 certification, the parties have requested decertification. However, even if the Class were not decertified, the parties believe class members are not prejudiced by this resolution. First, the Rule 68 Offer of Judgment relates only to Plaintiffs' claims. As such, the Judgment would be entered and the claims in this matter would only be dismissed with prejudice as to the named Plaintiffs. Class members' claims are not waived and their right to adjudicate their claims is unimpaired. Class members have not yet received notice of the class certification and are therefore not reliant on this litigation to protect their rights or toll their statute of limitations. Furthermore, class members had previously been afforded the opportunity to participate in the litigation at the collective certification phase when notice was mailed informing employees of their right to opt-in to the case. All individuals who were interested in adjudicating their claims submitted a consent to sue form and are included in the agreement. Even those who did not opt in at the time but may still wish to pursue their claims are not barred from doing so.

Other courts have allowed plaintiffs' settlements to proceed, even after class certification. See *Susan J. v. Riley,* WL 2259524 where the class was decertified after an individual settlement was reached and in which "the need to decertify [was] motived by a desire to avoid binding non-named class members by the judgment for purposes of issue and claim preclusion." In *Mazzei v. The Money Store,* No. 15-2054, (2nd Cir. July 15, 2016) the Court decertified the class after a jury had entered a verdict in favor of the class, demonstrating that decertification does not prejudice class members, even in the later phases of the litigation.

### III. Plaintiffs' Range of Possible Recovery

Plaintiffs have accepted Defendant Serenity Spa NY Inc.'s Rule 68 Offer of Judgment in the amount of $20,000, which is "inclusive of all damages, liquidated damages, interest, reasonable attorneys' fees, costs and expenses actually incurred." Of the $20,000 Judgment, the Plaintiffs have decided to allocate amongst themselves as follows: $6,500 to Gloria Benavides, $3,500 to Fanny Yin-Fang Lin, and $10,000 to Lee Litigation Group, PLLC for attorneys' fees and costs. Plaintiff Benavides and Lin are receiving approximately 55% and 48%, respectively, of the alleged back wages owed to each of them under the FLSA. Attached hereto as **Exhibit B** are damage calculations for Plaintiffs Benavides and Lin's alleged unpaid compensation, calculated to be approximately $11,809 and $7,304, respectively.

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. Defendants contest most of Plaintiffs' allegations and believe that Plaintiffs are owed significantly less, if anything. If Defendants were to succeed at trial, Plaintiffs' damages would be significantly reduced, and they would run the significant risk of obtaining less than the payment they are receiving in this settlement.

### IV. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $20,000 accepted Offer of Judgment, $10,000 is allocated to attorneys' fees and costs. To date, counsel has incurred $5,798.66 in costs, including Filing Fee, Court Reporting Fees, Mediation Fees, Translation Fees, Witness Fees, Fees associated with the 216(b) notice mailing and Meal Expenses (See **Exhibit C** expense details). After deduction of costs incurred, Plaintiffs' counsel would receive $4,201.34 in attorneys' fees. Such amount represents a significant discount on counsel's lodestar, considering that this case has been litigated for 3 years, since 2015. Plaintiffs' counsel's fees and costs are fair and reasonable given the time spent by Plaintiffs' counsel, significant motion practice, including but not limited to motions for conditional collective certification, Rule 23 class certification and summary judgment. The fees applied for herein are a mere fraction of the actual attorneys' fees incurred, however, due to Defendants' financial condition and as the Plaintiffs themselves desire to accept the Offer of Judgment, Plaintiffs' counsel will simply take a loss on this case to satisfy our clients. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

\*          \*          \*

In view of the foregoing, the parties respectfully request that the Court decertify the Rule 23 class, approve the accepted Offer of Judgment, and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

Respectfully submitted,

    */s/ C.K. Lee*
C.K. Lee, Esq.
Counsel to Plaintiffs

    */s/ Lawrence Morrison*
Lawrence Morrison, Esq.
Counsel to Defendants


Encl.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLORIA BENAVIDES, et al.,
*on behalf of herself, FLSA Collective Plaintiffs and the Class,*

                           Plaintiffs,

-against-

SERENITY SPA NY INC. and YU QUN DAI,
                           Defendants.

---

Case No.: 15-CV-9189

## AFFIDAVIT OF C.K. LEE

I, C.K. LEE, under penalty of perjury, declare as follows:

    1.    For the 3-year collective class, I was provided by Defendants a list of 52 individuals' names. Of these 52 individuals, only 16 had address information. After conducting a skip trace to obtain additional addresses for the individuals named on the collective class list, notices were sent to a total of 37 individuals, and 3 notices were returned as undeliverable. Thus, only 34 members of the collective class could have received notice.

    2.    I have been unable to locate or obtain contact information for any other prospective class members.

Dated: New York, New York
          April 10, 2018

*/s/ C.K. Lee*
LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181

# EXHIBIT B

**FOR SETTLEMENT PURPOSE ONLY**
(Serenity Spa)

**CALCULATION FOR**   **Gloria Benavides**

## PERIOD 1

**Assumptions:**   Period Worked          January 1, 2012 to January 31, 2013
Number of weeks worked   57 weeks
Hours worked/week         50 hours
Salary                    $7.00/hour

**Minimum Wage and Overtime Wage**

Unpaid MW = ($7.25* − Paid Rate) x (40 Hours) x (Number of weeks)
= ($7.25 − $7) x 40 x 57
= $570.00

*The minimum hourly rate in New York from July 24, 2009 to December 31, 2013 was $7.25.

Unpaid OT = ($10.88 − Paid Rate) x (Hours Above 40 Hours) x (Number of weeks)
= ($10.88 − $7) x 10 x 57
= $2,211.60

**Spread of Hour Premium**

During this working period, unpaid spread of hours premium was 5 days per week.

Unpaid SOH = $7.25* x (Number of days worked more than 10 hours) x (Number of weeks)
= $7.25 x 5 x 57
= $2,066.25

*The minimum hourly rate in New York from July 24, 2009 to December 31, 2013 was $7.25.

**Period 1 Total =   $4,847.85**

## PERIOD 2

**Assumptions:**   Period Worked          August 1, 2014 to December 31, 2014
Number of weeks worked   22 weeks
Hours worked/week         50 hours
Salary                    $7.50/hour

**Minimum Wage and Overtime Wage**

Unpaid MW = ($8* − Paid Rate) x (40 Hours) x (Number of weeks)
= ($8 − $7.5) x 40 x 22
= $440.00

*The minimum hourly rate in New York from January 1, 2014 to December 31, 2014 was $8.

Unpaid OT = ($12 − Paid Rate) x (Hours Above 40 Hours) x (Number of weeks)
= ($12 − $7.5) x 10 x 22
= $990.00

**Spread of Hour Premium**

During this working period, unpaid spread of hours premium was 5 days per week.

Unpaid SOH = $8* x (Number of days worked more than 10 hours) x (Number of weeks)
= $8 x 5 x 22
= $880.00

*The minimum hourly rate in New York from January 1, 2014 to December 31, 2014 was $8.

**Period 2 Total =   $2,310.00**

**PERIOD 3**

**Assumptions:**      Period Worked           January 1, 2015 to August 3, 2015
                      Number of weeks worked  31 weeks
                      Hours worked/week       50 hours
                      Salary                  $7.50/hour

**Minimum Wage and Overtime Wage**

    Unpaid MW = ($8.75* – Paid Rate) x (40 Hours) x (Number of weeks)
                 = ($8.75 – $7.5) x 40 x 31
                 = $1,550.00

*The minimum hourly rate in New York from January 1, 2015 to December 31, 2015 was $8.75.

    Unpaid OT = ($13.13 – Paid Rate) x (Hours Above 40 Hours) x (Number of weeks)
                 = ($13.13 – $7.5) x 10 x 31
                 = $1,745.30

**Spread of Hour Premium**

During this working period, unpaid spread of hours premium was 5 days per week.

    Unpaid SOH = $8.75* x (Number of days worked more than 10 hours) x (Number of weeks)
                  = $8.75 x 5 x 31
                  = $1,356.25

*The minimum hourly rate in New York from January 1, 2015 to December 31, 2015 was $8.75.

**Period 3 Total = $4,651.55**

    BACK WAGE = Period 1 + Period 2 + Period 3
                        $11,809.40

**FOR SETTLEMENT PURPOSE ONLY**
(Serenity Spa)

CALCULATION FOR    <u>Fanny Yin-Fang Lin</u>

**Assumptions:**    Period Worked            February 1, 2011 to August 31, 2011
                    Number of weeks worked   30 weeks
                    Hours worked/week        66 hours
                    Salary                   $5.65/hour

**Minimum Wage and Overtime Wage**

Unpaid MW = ($7.25* − Paid Rate) x (40 Hours) x (Number of weeks)
            = ($7.25 − $5.65) x 40 x 30
            = $1,920.00

*The minimum hourly rate in New York from July 24, 2009 to December 31, 2013 was $7.25.

Unpaid OT = ($10.88 − Paid Rate) x (Hours Above 40 Hours) x (Number of weeks)
            = ($10.88 − $5.65) x 26 x 30
            = $4,079.40

**Spread of Hour Premium**

During this working period, unpaid spread of hours premium was 6 days per week.

Unpaid SOH = $7.25* x (Number of days worked more than 10 hours) x (Number of weeks)
            = $7.25 x 6 x 30
            = $1,305.00

*The minimum hourly rate in New York from July 24, 2009 to December 31, 2013 was $7.25.

**BACK WAGE = $7,304.40**

# EXHIBIT C

**Lee Litigation Group PLLC**
**Serenity Spa Case Expenses**
**(Revised as of 04/10/18)**

| Expense Type | Date | Payee | Memo | Amount | Subtotal per Expense Type |
|---|---|---|---|---|---|
| Deposition | 07/10/2016 | TransPerfect | | 771.50 | |
| | 09/30/2016 | TransPerfect | | 167.75 | |
| | 09/30/2016 | TransPerfect | | 316.50 | 1,255.75 |
| Filing Fee | 11/20/2015 | Southern District of NY | | 400.00 | 400.00 |
| Mediation | 11/02/2017 | Ruth Raisfeld | | 3500.00 | 3500.00 |
| Meal Expenses | 08/16/2017 | Saeyun Angel Kwon | Meal reimbursement | 70.58 | 70.58 |
| Translation Service | 07/01/2016 | Nancy Wu | | 400.00 | 400.00 |
| Witness Fee | 03/28/2017 | Yu Ki Zhou | | 43.60 | |
| | | Shang Gen Gao | | 46.40 | 90.00 |
| 216(b) Mailing | | Printing | 37 notices x 4 pages x $0.2 per page | 29.60 | |
| | | Label | 37 notices x $0.25 per label | 9.25 | |
| | | Envelope | 37 notices x $0.50 per envelope | 18.50 | |
| | | Postage | 37 notices x $0.675 per mail | 24.98 | 82.33 |
| **TOTAL WITH MAILING COST** | | | | | **5,798.66** |