USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __May 25, 2018__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
GLORIA BENAVIDES and FANNY :
YIN-FANG LIN, *on behalf of themselves,* :
*FLSA Collective Plaintiffs and the Class,* :
: **OPINION AND ORDER**
Plaintiffs, :
: 15-CV-9189 (JLC)
- against - :
:
SERENITY SPA NY INC., *et ano.,* :
:
Defendants. :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

On September 1, 2017, the Court certified this wage-and-hour case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In the following months, the parties negotiated and reached a settlement. On April 13, 2018, the parties provided the Court with a copy of an offer of judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure, which had been accepted by the plaintiffs. That same day, the parties also submitted a joint letter seeking (1) decertification of the Rule 23 class; (2) approval of the parties' settlement, as embodied by the offer of judgment and its acceptance; (3) dismissal of individual defendant Yu Qun Dai—the case against whom had been stayed due to Dai's filing of Chapter 13 bankruptcy—from this proceeding; and (4) entry of judgment in favor of the plaintiffs and dismissal of this case with prejudice. For the reasons set forth below, the parties' requests are granted.

1

# I.

## A. Procedural Background

Plaintiff Gloria Benavides filed her complaint against Defendants Serenity Spa NY Inc. ("Serenity Spa") and Yu Qun Dai ("Dai") (jointly, "Defendants") on November 20, 2015, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York State and New York City Human Rights Laws (Dkt. No. 1). On February 18, 2016, the parties consented to my jurisdiction for all purposes under 28 U.S.C. § 636(c) (Dkt. No. 17). On May 11, 2016, Benavides filed her first amended complaint (Dkt. No. 35), and Defendants filed their answer on May 25, 2016 (Dkt. No. 40).

On May 31, 2016, Benavides moved for conditional collective action certification of her FLSA claims (Dkt. No. 41). Defendants opposed the motion. By memorandum order dated August 3, 2016, the Court granted Benavides' motion for conditional collective certification and directed that notice of the certification, as well as a consent to sue form, be sent out to potential class members (Dkt. No. 57). Thereafter, the parties engaged in discovery, during which Defendants produced a list of names of 52 non-exempt employees who worked at Serenity Spa during the relevant period (*see* Dkt. No. 79 at 1).

On August 31, 2016, Benavides filed motions seeking (1) class certification of her NYLL claims under Rule 23, and (2) summary judgment on her FLSA and NYLL claims (Dkt. Nos. 71, 75). Defendants opposed both motions. In the interim, on November 28, 2016, Plaintiff Fanny Yin-Fang Lin joined the action by filing a

notice of consent to become a plaintiff (Dkt. No. 95). By memorandum opinion and order dated September 1, 2017, the Court granted Benavides and Lin's (jointly, "Plaintiffs") motion for class certification under Rule 23 but denied their motion for summary judgment without prejudice (Dkt. No. 98).

By letter dated January 30, 2018, Defendants' counsel reported that Dai had filed a petition for Chapter 13 bankruptcy (Dkt. No. 112). That same day the Court issued an order staying the case as to Dai as required by the automatic stay under 11 U.S.C. § 362(a) (Dkt. No. 113).

On February 22, 2018, Plaintiffs filed a notice of acceptance of a Rule 68 offer of judgment made by Serenity Spa (Dkt. No. 116). Under the terms of the offer of judgment, Serenity Spa would "allow Judgment to be entered against it in this action in the amount of $175,000.00" (*id.*).[1]

On March 9, 2018, the Court held a status conference with the parties during which they reported that they were negotiating a revised offer of judgment. On April 13, 2018, Plaintiffs filed a notice of acceptance of a revised offer of judgment from Serenity Spa (Dkt. No. 119, the "Revised Offer of Judgment"). Under the terms of the Revised Offer of Judgment, Serenity Spa would allow judgment to be entered against it in favor of the named Plaintiffs, Benavides and Lin, in a total amount of $20,000, inclusive of attorneys' fees and costs, to be paid in four installments of $5,000 (*id.*). Also on April 13, 2018, the parties filed a joint letter

---

[1] The offer of judgment was not clear as to whether the amount of $175,000 was intended to satisfy only the claims of the two named Plaintiffs or of the entire Rule 23 class.

3

requesting (1) decertification of the Rule 23 class, (2) approval of the parties' settlement (as embodied by the Revised Offer of Judgment), (3) dismissal of Dai from this case due to her ongoing bankruptcy proceeding, and (4) entry of judgment, based on the terms of the Revised Offer of Judgment, against Serenity Spa, and dismissal of this case with prejudice (Dkt. No. 120).

**B.      Decertification of Rule 23 Class**

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). In particular, "a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met." *In re Scotts EZ Seed Litig.*, No. 12-CV-4727 (VB), 2017 WL 3396433, at \*18 (S.D.N.Y. Aug. 8, 2017) (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)); *Wu v. Pearson Educ. Inc.*, No. 09-CV-6557 (KBF), 2012 WL 6681701, at \*5 (S.D.N.Y. Dec. 21, 2012) ("A district court may—and should—decertify a class when the standards of Rule 23 have not been met."). The district court "is afforded broad discretion in class certification questions" and "has the ability" to, *inter alia*, "decertify the class whenever warranted." *MacNamara v. City of New York*, 275 F.R.D. 125, 137 (S.D.N.Y. 2011) (quoting *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.,* 262 F.3d 134, 139 (2d Cir. 2001)). However, the district court "may not disturb its prior certification findings absent some significant intervening event, or a showing of compelling reasons to reexamine the question." *In re Scotts EZ Seed Litig.*, 2017 WL 3396433, at \*18 (internal quotations and alteration omitted) (citing *Doe v. Karadzic*, 192 F.R.D. 133, 136–37 (S.D.N.Y. 2000)). "Courts faced with a

4

motion to decertify must also take account of the progression of the litigation." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011) (citation omitted); *Wu*, 2012 WL 6681701, at *4 ("While district courts have broad discretion over class certification, we are 'required to reassess class rulings as the case develops.'") (quoting *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999)).

In this case, the Court finds that the parties have provided sufficiently compelling reasons to justify decertification of the Rule 23 class. The parties have represented that of the 52 names of potential class members disclosed by Defendants, Plaintiffs have been able to obtain addresses for only 34 of these individuals (Dkt. No. 120 at 1 & Ex. A).[2] As such, notice of the Rule 23 certification could be reliably sent at the present time to, at best, 34 potential class members, which falls below the "numerosity" threshold in Rule 23 class actions. *See, e.g.*, *Siegel v. Bloomberg L.P.*, No. 13-CV-1351 (DLC), 2013 WL 4407097, at *2 (S.D.N.Y. Aug. 16, 2013) (noting that "[n]umerosity is presumed when a class consists of forty or more members," and denying certification to class consisting of 33 members). In general, certification is no longer appropriate if a class fails to meet one of the requirements of Rule 23. *See, e.g.*, *MacNamara*, 275 F.R.D. at 137 ("[e]ach of the Rule 23 requirements must be satisfied by a preponderance of the evidence" for class certification to be maintained) (citation omitted).

---

[2] Specifically, after "conducting a skip trace," Plaintiffs sent notices of the FLSA collective certification to 37 individuals, but 3 of these notices were returned as undeliverable, leaving only 34 individuals for whom potentially reliable addresses have been identified (Dkt. No. 120 at 1).

Furthermore, the parties are still in an early phase of litigating the Rule 23 class action claims. The Rule 23 class was certified less than a year ago, and the parties have not engaged in significant (if any) class-wide discovery. In fact, the parties have yet to even mail out Rule 23 notices to potential class members; as the parties point out, "[c]lass members have not yet received notice of the class certification and are therefore not reliant on this litigation to protect their rights or toll their statute of limitations" (Dkt. No. 120 at 4); *see also Wu*, 2012 WL 6681701, at *5 ("Prior to the point at which notice is sent to class members, a certification order is 'inherently tentative.'") (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *Karadzic*, 192 F.R.D. at 136. Moreover, because the Court denied Plaintiffs' motion for summary judgment without prejudice, none of the class claims has been decided on the merits.[3] Decertifying the Rule 23 class at this relatively early stage is thus unlikely to prejudice any potential class members.

In addition, potential class members are unlikely to be prejudiced by decertification because their class claims have been tolled through the date of this Opinion and Order. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC) (SN), 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) ("In Rule 23 class actions and § 216(b) collective actions, the statute of limitations resumes after a court's determination to decertify a class."); *Morano v. Intercontinental Capital*

---

[3] Had the class claims been decided on the merits, such a scenario may well have dictated a different result as to decertification. *See, e.g., Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir. 1984) (finding abuse of discretion where district court decertified the class after granting summary judgment in part).

6

*Grp., Inc.*, No. 10-CV-02192 (KBF), 2012 WL 2952893, at *9 (S.D.N.Y. July 17, 2012) (granting motion for decertification and noting that "the statute of limitations has been tolled for [plaintiffs'] claims between the filing of the original complaint and the filing of this Order"). Thus, potential class members may still be able to bring individual actions against Defendants after the Rule 23 class is decertified (assuming that their time for doing so has not expired even after the tolling period is taken into account).

For these reasons, the Rule 23 class is decertified.

## C.  Approval of Settlement

The parties seek the Court's approval of their settlement, as embodied by the Revised Offer of Judgment and its acceptance (Dkt. No. 119), under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). As a threshold matter, the Court notes that there is a split of authority in this Circuit as to whether parties seeking to settle FLSA claims by way of a Rule 68 offer of judgment require judicial approval of their settlement under *Cheeks*. In prior decisions, I have adopted the majority position holding that such approval is not required. *See, e.g., Khereed v. W. 12th St. Rest.*, 317 F.R.D. 441, 442–43 (S.D.N.Y. 2016) (Cott, M.J.). There is, however, a "growing number (albeit still minority) of judges in this Circuit" who have "conclude[d] that Rule 68 does not override the need for judicial (or DOL) approval of a settlement of claims under the FLSA." *Mei Xing Yu v. Hasaki Restaurant, Inc.*, 319 F.R.D. 111, 117 (S.D.N.Y.), *leave to appeal granted*, 874 F.3d 94 (2d Cir. 2017). This issue is currently pending before the Second Circuit. *See id.*

In any event, given that the parties have sought the Court's approval of their settlement, the issue of whether such approval is required under *Cheeks* need not be reached in this case.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, Plaintiffs have expressed serious concerns about collectability (Dkt. No. 120 at 4), which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *see also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

In this case, of the proposed $20,000 settlement amount, Plaintiffs will allocate $6,500 to Benavides, $3,500 to Lin, and $10,000 to Plaintiffs' counsel for attorneys' fees and costs (Dkt. No. 120 at 5). According to the parties, Benavides and Lin will receive, respectively, 55% and 48% of the alleged back wages owed to them under the FLSA (*id.*). Of the $10,000 allocated to Plaintiffs' counsel, $5,798.66 is attributable to costs (including $3,500 for the private mediation that

8

led to the settlement) and the remaining $4,201.34 to fees (Dkt. No. 120 at 5 & Ex. C). This allocation is reasonable in these circumstances. Given that Plaintiffs' counsel litigated this case through class certification, counsel undoubtedly billed fees far in excess of the $4,201.34 that counsel will receive under the parties' settlement. Moreover, $4,201.34 represents 21% of the $20,000 settlement amount, which is a reasonable percentage of recovery for attorneys' fees in similar wage-and-hour cases, which typically result in one-third of the settlement allotted for fees. *See, e.g.*, *Chung v. Brooke's Homecare LLC*, No. 17-CV-2534 (AJN), 2018 WL 2186413, at *1 (S.D.N.Y. May 11, 2018) ("Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases."); *Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).

In sum, having carefully reviewed the parties' joint letter and the proposed settlement terms, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Accordingly, the settlement is approved.

**D.     Dismissal of Defendant Dai**

As previously mentioned, Dai has filed for Chapter 13 bankruptcy, and Plaintiffs' case against her is currently stayed. The parties are in agreement, and have jointly requested, that Dai should be dismissed from this case (Dkt. No. 120 at 1). Given that Dai's participation is not necessary for the parties to effectuate their settlement, their request is granted.

**E.     Dismissal with Prejudice**

In light of the approval of the settlement between Plaintiffs and Serenity Spa, as well as the dismissal of Dai, the Court grants the parties' request that judgment be entered against Serenity Spa in accordance with the terms of the Revised Offer of Judgment and that this case be dismissed with prejudice.

## II.

In sum, for the foregoing reasons, (1) the Rule 23 class is decertified; (2) the parties' settlement, as embodied by the Revised Offer of Judgment and its acceptance, is approved; (3) Dai is dismissed from this case; and (4) the Clerk is directed to enter judgment in favor of Plaintiffs and against Serenity Spa in accordance with the terms of the Revised Offer of Judgment and dismiss this case with prejudice.

**SO ORDERED.**

Dated: New York, New York
       May 25, 2018

_____
JAMES L. COTT
United States Magistrate Judge